IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:09CR81 |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| CHAD WINTERS, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion to review his sentence (Filing No. 296).

The Defendant, Chad Winters, pleaded guilty to Counts I, II, and V of the Superseding Indictment, charging him with conspiring to distribute and possess with intent to distribute methamphetamine and cocaine, using or carrying a firearm in relation to the drug conspiracy, and criminal forfeiture, respectively.  In completing his Petition to Enter a Plea of Guilty under oath, Winters stated the following in answer to question 45 asking why he was guilty: "I conspired with others to possess and distribute methamphetamine and cocaine.  I also during this time possessed a short barrelled shotgun." (Filing No. 165, ¶ 45.) Winters agreed, under oath at his change of plea hearing, that his statement in the plea petition was true.  (Filing No. 210, at 23:23-24.)  After the Assistant United States Attorney recited the government's version of the offense that included references to Winters' involvement in gun possession, Winters agreed, while still under oath, that those facts could be proved beyond a reasonable doubt.  (Filing No. 210, at 33:9-12.)  He never objected to the PSR.  On March 19, 2010, the Court sentenced to 120 months imprisonment on Count I[1] and a consecutive term of 120 months imprisonment on Count II.

---

[1] The parties agreed on a 120-month sentence for Count I under Federal Rule of Criminal Procedure 11(c)(1)(C).

Winters now argues that he never possessed any firearms as alleged in the Superseding Indictment and therefore he is not guilty of Count II. He supports his claim with items in the record taken out of context.

Winters' arguments are unavailing. His case has concluded, he waived his right to file a notice of appeal (and in any event the appeal deadline is passed), and he waived his right to file a motion under 28 U.S.C. § 2255 except under limited circumstances, which he does not allege in his motion. The Court recognizes that time remains in which the Court could allow Winters to submit a motion under § 2255 alleging ineffective assistance of counsel insofar as he alleges his counsel should not have allowed him to plead guilty to Count II, or the Court could "liberally construe" his present motion as such. However, for the reasons stated, Winters' claim would not survive initial review, because Winters could not prove either prong of *Strickland v. Washington,* 466 U.S. 668 (1984), and therefore he could not meet the initial review standard. Therefore, the Court declines to view the motion as a § 2255 motion.

IT IS ORDERED:

1. The Defendant's motion to review his sentence (Filing No. 296) is denied; and

2. The Clerk is directed to mail a copy of this order to the Defendant at his last known address.

DATED this 25th day of April, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge