**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   8:09CR81 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CHAD WINTERS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 298), filed by the defendant, Chad Winters.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Winters pleaded guilty to Counts I, II, and V of the Superseding Indictment charging him with: conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine and a mixture or substance containing a detectable amount of cocaine (Count I); using and carrying a firearm during and in relation to the crime charged in Count I (Count II); and criminal forfeiture (Count V).  No direct appeal was filed.

In his § 2255 motion, Winters alleges ineffective assistance of counsel at plea and sentencing.   In particular, Winters alleges that his attorney coached him to make

incriminating statements at the plea stage, and he also appears to argue that he was innocent of the gun charge.

In order to establish ineffective assistance of counsel, Winters must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id*. at 687.

In answering the question in the Petition to Enter a Plea of Guilty asking  "[w]hat acts did you do that cause you to think you are guilty of the charge(s) to which you want to plead guilty," Winters answered: "I conspired with others to possess & distribute methamphetamine & cocaine.  I also during this time possessed a short barrelled shotgun." (Filing No. 165, ¶ 45.) Winters claims that his attorney forced him to make that statement and he innocently followed his attorney's instruction.  However, the record does not support his argument.  Winters signed the plea petition containing the newly alleged false statement under penalty of perjury.  (*Id*. at 14.)  Also, at his change of plea hearing, Winters stated under oath: the answers to the questions posed in his plea petition were his own answers; the answers in the plea petition were truthful; he was satisfied with his attorney's representation; no one forced him to waive his constitutional rights; his attorney had discussed any possible defenses with him; he is guilty of the crimes to which he pleaded guilty; he pleaded guilty freely and voluntarily; and he did the acts described by

2

the Assistant United States Attorney, including a description of a home invasion in which Winters participated and during which the sawed-off shotgun that is the subject of Count II was used.  (Filing No. 210.)

Winters quotes one question and answer taken out of context from a transcript of the preliminary hearing in his case indicating that Winters was not a part of the particular gun transactions referred to.  However, according to other portions of the preliminary hearing transcript Winters took part in sufficient gun activities to be charged with Count II of the Superseding Indictment.

In summary, Winters cannot prove either prong of the *Strickland* test.  Therefore, IT IS ORDERED:

1.      The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 298);

2.      Upon initial review, the Defendant's § 2255 motion is summarily denied;

3.      A separate Judgment will be issued denying the § 2255 motion; and

4.      The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 12th day of August, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge