IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CASE NO. 8:09CR81 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| vs. | ) | **AND ORDER** |
| | ) | |
| **CHAD WINTERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Defendant's Notices of Appeal (Filing Nos. 301, 302), and the Clerk's memorandum addressing the Defendant's ability to proceed on appeal in forma pauperis (Filing No. 303). A motion for a certificate of appealability was not filed. The Defendant appeals from the Memorandum and Order (Filing No. 299) and Judgment (Filing No. 300) denying his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion"). Federal Rule of Appellate Procedure 24 governs the Defendant's ability to proceed in forma pauperis in this appeal. However, before the Defendant may appeal the denial of his § 2255 motion, a "Certificate of Appealability" must issue. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), the right to appeal the denial of a § 2255 motion is governed by the certificate of appealability requirements of 28 U.S.C. § 2253(c). 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
> ....
> (B) the final order in a proceeding under section 2255.

> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).

A "substantial showing of the denial of a constitutional right" requires a demonstration "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)).

The issues raised in the § 2255 motion were carefully considered. For the reasons set forth in the Court's previously issued Memorandum and Order (Filing No. 299) denying the defendant's § 2255 motion, the Court concludes that the Defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c).

IT IS ORDERED:

1. A certificate of appealability is denied;

2. The Court denies the Defendant leave to proceed in forma pauperis on appeal; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 29th day of August, 2011.

BY THE COURT

s/Laurie Smith Camp
United States District Judge